UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER M. PARK,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:17-cv-05613-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkts. 14, 17, 18.

This case involves conflicting opinions from two non-examining medical sources, Dr. Luahna Ude, Ph.D. and Dr. John Simonds, M.D, who gave opinions regarding plaintiff's functional limitations resulting from his psychological impairments. The ALJ

gave greater weight to Dr. Simonds' opinion over Dr. Ude's opinion. However, the ALJ's reasons for rejecting Dr. Ude's opinion are not specific and legitimate supported by substantial evidence. This error is not harmless, because a reasonable ALJ, when fully crediting Dr. Ude's opinion, may have included additional limitations in the RFC, and could have reached a different disability determination.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

## BACKGROUND

Plaintiff, CHRISTOPHER M. PARK, was born in 1976 and was 35 years old on the alleged date of disability onset of September 20, 2011. *See* AR. 238-39. Plaintiff completed high school and two years of college. AR. 84-85. Plaintiff has work experience in telecommunications, video gaming, and wireless internet. AR. 87-88, 262-67.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease, carpal tunnel syndrome, fibromyalgia, asthma, morbid obesity, obstructive sleep apnea, an anxiety disorder, and an affective disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 21.

At the time of the hearing, plaintiff was living with his girlfriend in his parents' rental house. AR. 83.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

reconsideration. *See* AR. 121, 134. Plaintiff later filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) (AR. 241-50) that was joined with the DIB claim. AR. 18. Plaintiff's requested hearing was held before Administrative Law Judge Rudy (Rudolph) M. Murgo ("the ALJ") on June 18, 2015. *See* AR. 77-120. A supplemental hearing was held on October 2, 2015. *See* AR. 44-76. On November 30, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 15-43.

In plaintiff's Opening Brief, plaintiff raises the following issue: Whether the ALJ erred in rejecting the opinion of non-examining psychologist, Dr. Ude, without giving reasons supported by substantial evidence. *See* Dkt. 14 at 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether the ALJ erred in rejecting Dr. Ude's opinion without giving reasons supported by substantial evidence.**

The only issue raised in plaintiff's Opening Brief is whether the ALJ erred in rejecting Dr. Ude's opinion. Dkt. 14

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). As with all findings by the ALJ, the ALJ's findings supporting the decision to weigh more heavily one medical opinion over the other must be supported by substantial evidence in the record as a whole. *See Bayliss*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

In April 2012, Dr. Ude reviewed plaintiff's medical records and diagnosed plaintiff with major depressive disorder, dysthymic disorder, panic disorder (without agoraphobia), morbid obesity, rule out sleep related disorder, and rule out dependent personality features. AR. 337. She assessed plaintiff's prognosis as "guarded," due to his pattern of repeated deterioration. AR. 337. Dr. Ude opined that plaintiff "has episodic bouts of depression/anxiety which sometimes disable him for 3 weeks to 2 months. In any job, unless his psychological issues are further treated, he would have to be one number of people working his job description so that absences could be tolerated." AR. 337.

The ALJ gave Dr. Ude's opinion little weight, reasoning that: (1) her opinion was "not offered in functional terms"; (2) the ultimate issue of disability is an issued reserved for the Commissioner; and (3) it was not clear what records Dr. Ude reviewed before offering her opinion. AR. 31.

The first reason provided by the ALJ for not crediting fully the opinion of Dr. Ude was that her opinion is "not offered in functional terms." AR. 31. The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041). *See Bayliss*, 427 F.3d at 1214 n.1 (all of the determinative findings by the ALJ must be supported by substantial evidence) (internal citation omitted).

As noted above, Dr. Ude diagnosed plaintiff with several psychological disorders including major depressive disorder, dysthymic disorder (persistent depressive disorder), and panic disorder (without agoraphobia). AR. 337. Dr. Ude's opinion also discussed plaintiff's traits and symptoms, including that plaintiff has suicidal ideation, disrupted sleep, chronic negative thought patterns, intermittent panic attacks, and was not stress hardy. AR. 337. The Court notes that this section was titled "Functional Limitations[,]" but Dr. Ude listed plaintiff's symptoms and her medical findings instead. AR. 337. Nevertheless, Dr. Ude did express plaintiff's limitations in functional terms. She translated plaintiff's mental impairments into functional limitations which impact his ability to maintain regular attendance at a job, specifically, that plaintiff would need an employer that tolerated his absences (from three days to two months) and would need to be one of a number of individuals performing the same job. AR. 337. A person's ability to maintain regular attendance at work is a functional ability. *See* SSR 96-8p (defining "residual functional capacity" to include a person's ability to perform "sustained work activities in an ordinary work setting on a regular and continuing basis"). *Cf. Gipson v.*

*Berryhill,* 2018 WL 1102168, at *3 (W.D. Wash. Mar. 1, 2018) (affirming ALJ's decision to reject physician's opinion wherein the physician did not state that plaintiff's traits and symptoms constituted into functional limitations, e.g. plaintiff *avoided* certain situations, but did not opine that plaintiff *cannot* encounter them). Accordingly, the ALJ's finding is not a legitimate rationale for failing to fully credit Dr. Ude's opinion.

Next, the ALJ rejected Dr. Ude's opinion because "the ultimate issue of disability is an issue reserved to the Commissioner." AR 31. Although Dr. Ude used the term "disable," Dr. Ude's opinion was not an "administrative finding that [is] dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d)(1). Rather, as reflected above, Dr. Ude's opinion discussed the severity of plaintiff's impairments and the impact on his ability to maintain regular attendance at work. AR. 337. Simply using the term "disable" should not be an automatic disqualifier. Instead, Dr. Ude's opinion should be evaluated in how it was intended. Namely, as a comment on plaintiff's functionality. Therefore, this is not a legitimate reason supported by substantial evidence to reject Dr. Ude's opinion.

Lastly, the ALJ reasoned that "it is not clear what records Dr. Ude reviewed before offering her opinion." AR 31. The extent to which doctor is familiar with record is relevant factor in deciding weight to give to the opinion. 20 C.F.R. §§ 404.1527(c)(6) and 416.927(c)(6). *See also Batson,* 359 F.3d at 1195 ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole ... or by objective medical findings").

The boilerplate language in Dr. Ude's evaluation states:

> As a consulting psychologist to OVRS [Office of Vocational Rehabilitation Services], the opinions expressed here about a consumer's vocational limitations and strengths and suggestions for case management are based upon available information from the consumer's application, his/her self-reported work history, counselor notes, medical and psychological/psychiatric reports, work evaluation reports, and information in the OVRS file. These opinions are enriched with discussion with the OVRS counselor, when this can occur.

AR 337. The Court acknowledges that this is boilerplate language is not particularly helpful in identifying the specific records that Dr. Ude reviewed, and many of the medical records included in the OVRS file post-date Dr. Ude's opinion. *See* AR. 335-507. However, an eligibility determination note from OVRS dated December 11, 2012 indicates that Dr. Ude reviewed the following records: "Rosewood Family Health Center, Katie Kern, NP & Sonia Sosa, MD." AR 485, 491. Therefore, the ALJ's finding that it was unclear what records Dr. Ude reviewed before offering her opinion is not supported by substantial evidence.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin,* 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In

*Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

A reasonable ALJ, fully crediting Dr. Ude's opinion, may have included additional limitations in the RFC, which could have resulted in a different ultimate disability determination. *See* AR. 31. For example, Dr. Ude opined that plaintiff would need a job where other individuals were performing the same position so that his absences could be tolerated. AR. 337. The RFC did not contain these limitations. AR. 31. As fully crediting these opinions likely would alter the ultimate disability determination, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout*, 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless and the undersigned recommends remanding for further consideration of Dr. Ude's opinion.

**(2)       Is remand for a finding of disability the proper remedy in this case?**

Plaintiff seeks remand for further proceedings as the record requires further development. Dkt. 14 at 7. The Court agrees.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, because the record is not

adequately developed, this matter is reversed and remanded for further proceedings. *See Tonapetyan,* 242 F.3d at 1151; *Higbee,* 975 F.2d at 561. On remand, the ALJ should take appropriate steps to properly consider Dr. Ude's opinion.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 13th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge